SAMUEL W. LATHAM v. JUDSON B. BLAKELY.

Where the owner of the inheritance, attaches to the freehold articles of personalty for the better enjoyment of the estate, such articles become a part of the realty, and pass to the heir, mortgage or vendee.

And while an owner may detach fixtures and convert them into personalty, yet he cannot do so after an execution has been levied on the land to which they are attached.

(*Lawrence* v. *Bryan*, 5 Jones 331, cited and approved).

CIVIL ACTION, (to recover the value of a cotton gin,) tried at Fall Term, 1873, of the Superior Court of BEAUFORT county, before his Honor, *Judge Moore.*

On the trial below, the following facts were established:

In the Spring of 1869, the sheriff of Pitt county, under an

execution in favor of D. M. Carter, sold the lands of the plaintiff in this action, Sam. W. Latham, situated in said county, at public sale, D. M. Carter becoming the purchaser, and receiving from said sheriff the usual conveyance. On this land, so sold by the sheriff, was a gin house, in which was a cotton gin with the usual gearing, which gin, a few days before the sale, the plaintiff, (who did not reside on the farm sold,) with one Henry Putnam, removed from the gin house to another house on the premises. On the day of sale, he, the present plaintiff, informed Carter, the plaintiff in the execution, of such removal, who assented thereto, but informed no other person. After the purchase, Carter rented the land to the plaintiff, Latham, for one year.

In the Fall of that year, Latham replaced the gin in the house from which he removed it, and ginned his cotton with it. The gin was not fastened to the house in any manner, but a piece of plank was nailed to the floor and the front ledge of the gin rested against this plank to prevent it from moving when the band was applied and the gin at work; such is the usual way of securing a gin in its place. After ginning his cotton, the plaintiff, Latham, removed the band and carried it home, but whether before or after the sale to the defendant, hereinafter spoken of, does not appear.

It was also in evidence, that Carter requested Putnam to show the premises to any one desiring to purchase; and that he showed them to one L. M. Blakely, as agent for the present defendant. Witness showed the gin house and gin to him, moving the machinery of the same by hand for him to see how easy and well it worked; this was a few days prior to the purchase of the land by the defendant, Blakely, and before Latham had finished ginning his crop. Witness knew that Latham claimed the gin, and so informed Carter suggesting at the same time, that possibly this claim might defeat the contemplated trade. To this Carter replied, that he "was not going to lose an $8,000 trade for an old gin." Blakely was not informed that Latham claimed the gin; the

latter never met him on the farm. He, the plaintiff, demanded the gin of the defendant before this suit was instituted, which demand was refused.

In January, 1870, Carter and wife conveyed the premises to the defendant, and at the same time the plaintiff and his wife conveyed their interest to Carter.

On the part of the plaintiff, it was contended that the gin was a chattel, and did not pass by any conveyance to the defendant, as he, the plaintiff, was a tenant under Carter, and used the gin as a tenant.

For the defendant, it was contended that the gin was a fixture and passed with the freehold.

His Honor instructed the jury that the plaintiff was entitled to recover.

Verdict for the plaintiff. Motion for a new trial; motion refused. Judgment, and appeal by defendant.

*Battle & Son*, for appellant.
*Warren* and *Carter*, contra.

SETTLE, J.   Where the owner of the inheritance, in making improvements, attaches to the freehold articles of personalty for the better enjoyment of the estate, they become part of the realty, and pass to the heir, mortgagee or vendee, as against the executor, mortgagor or vendor. *Elwes* v. *Mawe*, 2 Smith L. cases and notes; *Walmsby* v. *Milne*, 27 E. C L. R. 114. And while the owner may undoubtedly detach fixtures and convert them again into personalty, yet he cannot do so after an execution has been levied upon the land to which they are attached. Here it is contended that the gin had been severed and re-converted into personalty by the plaintiff, (after, however, an execution had been levied upon the land,) and that Carter, the purchaser at the sheriff's sale, had assented thereto, and that when the plaintiff, as lessee under Carter, replaced the gin in the house, it became a trade or agricultural fixture which he might remove.   However that might be as between

the plaintiff and Carter, the rights of a third party, the defendant in this action, have intervened, who purchased when the gin was in its proper place and in good working order, without notice of any claim on the part of the plaintiff. But the defendant cannot even claim the benefit of the exception to the general rule, in favor of trade fixtures, as between landlord and tenant, for he failed to remove the gin before the expiration of his term. But in our review of the case that question is not represented.

When the agent of Carter showed the gin to the agent of the defendant, before the contract of sale was made, he evidently conveyed the idea that the gin was a part of the realty, and it was not deemed advisable to spoil a good trade " for an. old gin."

And it will be observed, that in addition to the sheriff's deed, the plaintiff and wife, for the purpose of removing all clouds from the title, on the first day of January, 1870, also conveyed to Carter the said premises without any reservation whatever, and that on the same day the said Carter conveyed to the defendant, without reservation of the gin, or any notice that it was claimed by the plaintiff.

What the plaintiff did or said to Carter cannot effect the rights of the defendant under these conveyances.

In answer to the suggestion that the gin was not sufficiently attached to the house to make it a part thereof, we observe that the later and better authorities pay more regard to the purposes which are to be served by the thing attached than to the manner of making the actual attachment.

In South Carolina it is held that a cotton gin in its place,. *i. e.*, connected with the running works in the gin house, is a. fixture which passes to the purchaser of the house. *Bratton* v. *Clawson*, 2 Strobhart, 478. And this Court has held that planks laid down as an upper floor of a gin house, and used to spread cotton seed upon, though not nailed or otherwise fastened down than by their own weight, become a part of the gin house by being put in it for the purpose of being used

with it, and the Court says, "in that view it makes no difference whether they were nailed to the sleepers or not." *Lawrence* v. *Bryan*, 5 Jones 337.

Let it be certified that there is error.

PER CURIAM.                                      *Venire de novo.*