SAMUEL R. MOORE v. M. B. VALLENTINE and others.

*Fixtures, permanent, temporary--Vendor and Vendee--Mortgagor and Mortgagee.*

1. Where an unconditional contract of purchase is made the relation of vendor and vendee is established.
2. If a mortgagor who is allowed to retain possession, or if a vendee under a bond for title is let into possession, makes improvements and erects fixtures, he is not at liberty to remove the same on the ground that by his own default he is not able to get the title.
3. An exception is made in favor of a tenant for years who erects buildings for a temporary purpose and for the encouragement of trade, manufacturing, &c., and he is permitted to remove what had apparently become a part of the land.

(The law of the Fixtures discussed by THE CHIEF JUSTICE.)

CIVIL ACTION tried at January Term, 1877, of MECKLENBURG Superior Court, before *Schenck, J.* This action was brought to recover a fund arising from the sale of a steam

engine and its appurtenances, which were sold by consent of the parties to prevent injury from exposure.

The main question however presented by the pleadings and decided by this Court was, whether said engine, &c., was a fixture to the freehold.

The facts found by His Honor are substantially as follows: In October, 1867, one Davis sold to the defendant, Vallentine, a tract of land in said County, contracting in writing to make title to the same upon payment of a certain sum of money. The land was purchased as mining property, and said defendant went into possession and put up machinery, that he might be able to carry on the mining operations more successfully. The machinery was placed in a house made for the purpose and firmly screwed down on wooden frames, and connected with the boilers out side the house by a steam pipe, and could not be gotten out without removing a portion of the house. The boilers could not be removed without tearing down the brick work encasing them.

The said defendant failed to comply with his part of the contract in the payment of a large amount of balance due for the purchase of said property.

In 1868, said Davis, the vendor, was declared a bankrupt, and his interest in balance of said purchase money, together with other effects as exhibited by his schedule, were regularly and legally sold by his assignee, and the plaintiff became the purchaser and obtained a deed conveying all the estate of said bankrupt.

The said defendant continued in possession under his contract of purchase, and claimed the engine and machinery as his property. The plaintiff also claimed them under his purchase from said Davis' assignee, insisting that they were fixtures to the freehold and constituted a part of the land, and averring his readiness to make title to the same upon payment of balance of purchase money.

The engine and machinery were severed from the land, while said defendant was in possession under said contract of purchase, by his order and direction as well as the plaintiffs.

The opinion of His Honor which is set out in the case, concludes, " that as the defendant was a tenant in possession under a written contract of purchase, and had erected these fixtures for the ' purpose of manufacturing,' and severed them from the realty while in possession under the contract, that they thereby lost their character as fixtures, and again vested in the defendant as chattels."

Judgment was accordingly rendered for defendant and the plaintiff appealed.

*Messrs. Wilson & Son*, for plaintiff, cited, Hill on Fixtures; 2 Kent Com. 278; *Bryant* v. *Lawrence*, 5 Jones 337; *Latham* v. *Blakely*, 70 N. C. 368; *Elwes* v. *Mawe*, 3 East 38; *Smith* v. *Moore*, 26 Ill. 392; *McLaughlin* v. *Nash*, 14 Allen 136; *Hemenway* v. *Cutler*, 51 Me. 407.

*Messrs. Shipp & Bailey*, for defendant, cited, *Elwes* v. *Mawe*, 2 Smith L. C; *Van Ness* v. *Packard*, 2 Peters 145; *Moore* v. *Smith*, 24 Ill. 512; *Reymond* v. *White*, 7 Cowen. 319; *Niven* v. *Belknap*, 2 Johns 573; *Love* v. *Edmonston*, 1 Ire. 125; *Jones* v. *Hill*, 64 N. C. 200; *Mason* v. *Williams*, 66 N. C. 564; *Saunderson* v. *Ballance*, 2 Jones Eq. 322; *Sherrill* v. *Sherrill*, 73 N. C. 8.

PEARSON, C. J. If Valentine had made a conditional contract of purchase as alleged in his answer, that is, if he had annexed a condition, that if upon testing the mine the result was not satisfactory, he should have the right to abandon the contract, his right to remove the engine and appurtenances would have been beyond any question. But upon the facts he did not annex this condition, and made an unconditional contract of purchase, *i. e.*, he bound himself absolutely to pay the price, and was to have a deed when he made payment in full.

So the relation of vendor and vendee was established, and the fact that his purpose in buying was to "mine for gold" does not effect the question in the slightest degree. He took the mine, as parties do in marriage, "for better or for worse," no backing out about it.

Or if he had taken a lease, say for five years, his right to remove the engine and appurtenances would have been beyond any question.

In both of these cases the nature of the estate proves that the erection of the fixture was for a temporary purpose, and not for the purpose of making it a part of the freehold. In such cases the fixture may be severed, and does not in contemplation of law become a part of the land.

When a mortgagor who is allowed to retain possession, or a vendee under a bond for title who is let into possession, makes improvements and erects fixtures, he does so for the purpose of enhancing the value of the property, and having made this *addition to the land*, he is not at liberty to subtract it on the ground that by his own default he is not able to get the title. If such was the law, a mortgagor in possession or a vendee in possession, who has erected a house, considering himself the absolute owner of the land, when he finds he cannot comply with the condition, may move the house, or may dig up the trees that he has planted, and let the mortgagee and vendor take care of themselves. Such is not the law.

When a tree is planted, or a house is built, or a steam engine is annexed to the soil and is used as a part of the freehold, it becomes a part of the land and cannot be severed except in special cases. His Honor concurs in this doctrine seemingly, but he excepts the case of a vendee who is let into possession and builds a house or makes other fixtures, on the idea that he is a tenant at will. It is true he is like unto a tenant at will in one particular—he may be turned out of possession at the will of the vendor if he fails to

make the payments--but he is not like unto a tenant at will in other particulars; he owes no fealty as tenant; he is not liable for rent as for use and occupation; and above all, he cannot quit *at his own will*, but is bound by his contract of purchase and the notes given for the purchase money.

Our question is, does the one particular bring him within the exception made in favor of persons having a temporary estate, or do the three particulars exclude him from that class of persons? A bare statement answers the question. The vendee is the potential owner of the fee simple, and the addition made to the land was with the purpose to enhance its value, and that it should be permanent. Whereas if a tenant for years or at will erects buildings, &c., it is not for the purpose of enhancing the value of the land, for he does not expect to become the owner, and his erections are for a temporary purpose and not with a view of making them a part of the land. Hence for the encouragement of trade, manufacturing, &c., an exception is made in his favor and he is permitted to remove what had apparently become a part of the land.

His Honor also erred in the effect which he allows to the agreement by which the engine and its appurtenances were severed and sold. This did not in any way affect the rights of the parties; otherwise the plaintiff would not have consented to the severance, nor would his consent have been necessary. It is manifest that the sole purpose was to convert the engine and its appurtenances into money to prevent spoliation, and let the money stand in the stead of the engine, &c., as it was when annexed to the land, without affecting the rights of the parties in one way or another.

The effect, given to this arrangement of the parties made for the sole purpose of preserving the property, so as to make it impair the rights of the plaintiff, and put the defendant in a better condition than he would have been in, had the engine, &c., been allowed to remain *in statu quo*, or

had the plaintiff refused to give his consent to the conversion into money, will strike any one as a sequence by which Vallentine gets benefit by a breach of good faith, and by giving to the agreement an effect beyond what was in the contemplation of the parties.

I have cited no authority because the principles are clear, and His Honor has *ex gratia* taken that labor upon himself.

Error. Judgment that plaintiff have the fund and recover his costs of the defendant Vallentine.

PER CURIAM. Judgment accordingly.