JOHN M. FOOTE v. JAMES T. GOOCH.

*Fixtures—Mortgage.*

1. The term fixtures has a different meaning as applied to different relations, as vendor and vendee, mortgagor and mortgagee, &c., and the right to detach is most favorably applied between landlord and tenant in favor of the tenant.

2. The rule as to what are fixtures is the same between vendor and vendee and mortgagor and mortgagee, and whatever would pass in an absolute sale to a vendee, will pass as a security to a mortgagee.

3. Where a mortgagor left in possession, improves the mortgaged premises after the execution of the mortgage, by the erection of new works and the introduction of new machinery, which are intended to be a permanent annexation to the freehold, he cannot remove such fixtures and thus impair the increased security, and it seems that this rule applies even to trade fixtures.

4. The intent with which the annexation is made to the freehold enters largely into the question of the right to remove, and if the fixture is made for the purpose of permanently improving the freehold, a mortgagor cannot remove it.

(*Bryan* v. *Lawrence*, 5 Jones, 337; *Latham* v. *Blakeley*, 70 N. C., 368; *Bond* v. *Coke*, 71 N. C., 97; *Deal* v. *Palmer*, 72 N. C., 582; *Moore* v. *Valentine*, 77 N. C., 188; cited and approved).

CIVIL ACTION, tried before *Shepherd, Judge,* at Spring Term, 1886, of HALIFAX Superior Court.

In January, 1877, one Prescott sold and conveyed certain property to the plaintiff, who, on the same day, to secure the purchase money, executed a deed of mortgage to the vendor for the same property, describing it as being in the town of Weldon, "known as the Foundry property, consisting of one wood machine shop, one foundry building, one blacksmith shop, one horse stable, together with all the machinery, tools, flasks, moulds, &c." These were on lands of the Roanoke Navigation Company, held under a lease to be continued at the will of the lessee, he paying a fixed ground and water rent to the company, and had been for thirty years.

The plaintiff remained in possession, and carried on his business operations as before, during which time articles worn out were replaced, and additions made, until the foreclosure of the mortgage under a judicial proceeding, and a sale to the defendant. These were all delivered, with possession of the premises, by the sheriff to the purchaser, under the protest of the plaintiff, who claimed all the property put there after the execution of the mortgage, as his own. The articles claimed, as since added, are set out in detail in a schedule annexed to the complaint. which this action is instituted to recover. By consent, a trial by jury was waived, and the Court passed upon the evidence and found the facts.

The plaintiff testified : All of these things claimed by me were put there after I purchased of and mortgaged to Prescott. I protested against the delivery by the sheriff of this property to Gooch. I claimed it was mine, and not included in the mortgage. I gave the mortgage to Prescott to secure the purchase money. The sheriff put Joseph Gooch in possession for James T. Gooch, and at his request. The articles were all manufactured or purchased by myself.

On cross-examination he testified:

" At the time of the mortgage there were flasks, patterns and tools there, and I added to them afterwards. The flasks, patterns and tools, &c., I claimed, are those I placed there after the mortgage. Flasks are boxes and movable. The machinery I claim, is what I added after the mortgage. The shafting was bolted to the house. When I put them there I expected to pay for the property, and put them there for the use of the property. The bands were put there to stay as long as the shafting. They could be slipped on and off. The band-saw was bolted to the floor and also connected by band: put there to remain and to be used permanently with the property. The lathe was not fastened, but weighed 1200 pounds, and connected by a band with the machinery. It was put there to be used permanently with the shop. The tools were put there to be used in connection with the machinery. The tools were drills, boring-bars, &c., and were not attached to the house. The lathe was worth $200, band-saw $100.

" The following is the schedule of the property claimed:

| | | |
|---|---:|---:|
| 1 vise | $  6 | 00 |
| 1 lathe (wood) | 50 | 00 |
| 1 counter shafting for same | 5 | 00 |
| 2 boxes and 4 bolts | 6 | 00 |
| 2 8-inch pulleys | 3 | 00 |
| 20 feet 2½-inch belting | 1 | 16 |
| 15 feet 2-inch belting | | 67 |
| Boring machine | 40 | 00 |
| 24 bits for same | 18 | 00 |
| Band-saw | 100 | 00 |
| 4 saws for same | 10 | 00 |
| 14 feet belting | | 61 |
| Grindstone bits and 5-inch moulding | 1 | 20 |
| One counter shaft | 4 | 00 |
| 2 22-inch pulleys | 8 | 00 |

| | |
|---|---:|
| 1 6-inch pulley $ | 1 60 |
| 2 hangers and boxing | 10 40 |
| 38 feet belting | 1 55 |
| Counter shaft | 6 00 |
| 1 12-inch pulley | 3 00 |
| 1 5-inch pulley | 1 25 |
| 24 feet belting | 1 60 |
| 60 feet belting | 112 00 |
| 6 couplings | 30 00 |
| 13 inch pulleys | 91 50 |
| Counter shaft | 12 00 |
| 3 hangers | 15 00 |
| 1 coupling | 5 00 |
| 3 pulleys | 21 00 |
| Belting | 6 30 |
| 2 boxes, &c. | 7 00 |
| Counter to saw | 3 00 |
| 2 pulleys | 7 00 |
| 2 hangers | 10 00 |
| Saw frame | 15 00 |
| Counter | 3 00 |
| 2 pulleys | 7 00 |
| Belting | 3 68 |
| Belt | 9 16 |
| 1 pulley | 75 00 |
| 1 screw cutter lathe | 200 00 |
| 1 emery wheel | 10 00 |
| Belting for same | 80 |

" All of the property claimed was placed there by me to be used permanently with the foundry property, and to enhance its value. The articles I put in the buildings and claimed by me, could be easily separated by me from those I bought from Prescott. They could not be separated by the sheriff, or others unacquainted with the business. The property

put there by me was mixed indiscriminately with that I bought from Prescott."

The above testimony was admitted to be true, and his Honor so found.

It was further admitted, that the value of the property claimed was correctly set forth item by item in the schedule, and it was agreed that if his Honor should adjudge that the plaintiff was entitled to any of the articles claimed, he should assess their value at the prices named in said schedule, and allow interest thereon by way of damages.

It is admitted that if the property did not pass to Gooch by the deed, it was converted.

His Honor adjudged that the articles set forth in the schedule were fixtures, and did pass to the defendant under the conveyance from the commissioner, and that the plaintiff was not entitled to recover for their value, his Honor finding that said articles were connected with the foundry and buildings, and attached to the same.

To this ruling the plaintiff excepted and appealed from the judgment.

*Mr. John A. Moore*, for the plaintiff.

*Messrs. W. H. Day, R. O. Burton* and *Jos. B. Batchelor*, for the defendant.

SMITH, C. J., (after stating the facts). The term fixtures, as designating personal chattels so attached or affixed to the realty as to become part of it, has a different meaning in its application to the relations of different parties as vendor and vendee, representative and devisee or heir, landlord and tenant, the right to detach and remove, being most favorable to the latter. The rule that governs in case of an absolute sale and conveyance is equally applicable to a mortgage, which is but a form of conveyance, and what would pass to

the vendee, as his own absolutely, will pass to the mortgagee as a security.   A mortgagor left in possession and use, who improves the premises by the erection of new works, and the introduction of new machinery, as a means of enlarging his operations, and intended to be a permanent annexation to the freehold, is not at liberty to impair the increased security provided for his debt by removing them.

Trade fixtures even, put up for the purpose of carrying on business since the date of the mortgage, were declared by Lord Romily, in *Cuthwick* v. *Swindell*, Law. Rep., 3 Eq., 249, "so far as they are affixed to the freehold, go with it to the mortgagee."   The authorities in support of this proposition will be found, and the subject discussed, in Tyler on Fixtures, at page 566, *et seq.*

The intent with which the annexation is made, enters largely into the question of permanency and the right to remove.   Upon this point, the plaintiff himself testified that the machinery claimed by him, was "for the use of the property" which he expected to redeem, and the lathe was "to be used permanently with the shop."   He adds, that "all the property claimed was placed there by me *to be permanently used with the foundry property, and to enhance its value.*"

The cases in our own reports are in the same line.   *Bryan* v. *Lawrence*, 5 Jones, 337; *Latham* v. *Blakely*, 70 N. C., 368; *Bond* v. *Coke*, 71 N. C., 97; *Deal* v. *Palmer*, 72 N. C., 582.

In *Moore* v. *Valentine*, 77 N. C., 188; the vendee continued in possession under his contract, and put up machinery in order to the more successful conduct of mining operations. He was afterwards adjudged a bankrupt, and at the sale by his assignee, the plaintiff became the purchaser of his estate. Delivering the opinion, PEARSON, C. J., says: "When a mortgagor, who is allowed to retain possession, or a vendee under a bond for title is let into possession, makes improvements and erects fixtures, he does so for the purpose of enhancing the value of the property, *and having made this ad-*

*dition to the land,* (the italics are in the opinion,) he is not at
liberty to subtract it, on the ground that by his own default
he is not able to get the title."

The test then is the actual attaching or affixing the articles
of personalty to the freehold, so that they become parcel of
the realty, and these passed to the purchaser at the sale un-
der the mortgage.    We cannot undertake to say whether all
the articles enumerated in the schedule fulfill the require-
ments; and as the appellant must show error, we must
assume that they do.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.

---

### DEFENDANT'S APPEAL.

Where the Court below found as a fact that certain articles were in
no way connected with the freehold, it disposes of the question of
their being fixtures in this Court.

This was the defendant's appeal in the foregoing case.

*Mr. John A. Moore,* for the plaintiff.

*Messrs. W. H. Day, R. O. Burton* and *Jos. B. Batchelor,* for
the defendant.

SMITH, C. J.    The defendant's appeal is from an alleged
erroneous ruling that the articles mentioned in schedule two,
more than one hundred in number, were not the property of
defendant.

It is found as a fact by the Court, that these "articles
were in no way connected with the foundry or buildings,
but were patterns or moulds and tools which were movable."
This disposes of the question as to their being fixtures, and
determines the plaintiff's property therein.

There is no error, and the judgment is affirmed.

No error.                                    Affirmed.