CLARK BROTHERS v. DAVID HILL, Jr.

*Conditional Sale—Lease—Registration—Fixtures.*

1. A contract for the "lease" of personal property, upon payments of rent, the property to belong to the lessee upon the last payment of rent, is in effect a conditional sale and unless registered its stipulation for the retention of title by the vendors is invalid as to third parties.

2. A "steam-feed" attached by iron bolts to the sills of a mill resting on piling, driven into the ground becomes by such mode of attachment a "fixture" as between mortgagor and mortgagee of the land upon which the mill is situate.

ACTION of claim and delivery, tried before *Boykin, J.*, and a jury, at February Term, 1895, of BEAUFORT Superior Court.  The plaintiff sought to recover possession of a "Steam Feed" machine which they had shipped to B. F. Moss, under whom the defendant claimed, upon conditions stated in a letter which they wrote to Moss at the time of shipment, the material part of which letter was as follows : "In sending out our Feeds in this way, we have the parties give us their notes, payable according to the terms of the lease as rental on the same, and when the notes are paid we give them tittle to the machinery and a contract to refund or give back the notes if the machinery does not prove satisfactory, perfectly, and do all we claim for it in our circular.  We will ship the Feed on these terms at once, and we know that you will be pleased with it," etc. On the trial it appeared that the "Steam Feed" was attached to the sills of a saw mill by iron bolts, the sills

CLARK *v.* HILL.     .

resting on piling driven in the ground. The land on which the saw mill was built belonged to B. F. Moss, subject to a mortgage which was subsequently foreclosed. The defendant claimed under the purchaser at the foreclosure sale and was in possession of the land and the "Steam Feed" (attached to the mill as stated) when suit was brought for the recovery of the machine.

Under instructions from his Honor that, upon all the evidence, the plaintiffs were entitled to recover, the jury so found, and from the judgment on the verdict the defendant appealed, assigning as error that his Honor erred in giving the said instruction instead of the instruction prayed for by defendant that, upon all the evidence, the plaintiffs were not entitled to recover.

*Mr. Chas. F. Warren*, for plaintiffs.      .
*Mr. John H. Small*, for defendant (appellant).

CLARK, J. : The plaintiffs earnestly contend that the terms of the contract were those set forth in their reply to Moss, when the "steam-feed" was shipped, i. e. a lease upon payments of rent, as stated, and on the last payment of rent the property to belong to Moss, in the meantime the title to be retained by the vendor. Conceding this to be correct, such contract was in effect a conditional sale. Calling it a "lease" did not make it one, when its terms showed it was not. This was held in *Puffer* v. *Lucas*, 112 N. C., 377, which has been since cited and approved in *Crinkley* v. *Egerton*, 113 N. C., 444; *Barrington* v. *Skinner*, at this term. This agreement not being registered, the stipulation for retention of the title by the vendors was invalid as to third parties, (*Code*, Sec. 1275.) The property in dispute, by the mode of its attachment, became a "fixture" as between Moss and this defendant's assignor, they being

mortgagor and mortgagee (*Horne* v. *Smith*, 105 N. C., 322; *Overman* v. *Sasser*, 107 N. C., 432,) and enured to the benefit of the mortgagee.    *Foote* v. *Gooch*, 96 N. C., 265.

The court should have instructed the jury, as prayed by the defendant, that upon all the evidence the plaintiffs were not entitled to recover.

