B. J. BEST v. R. H. HARDY and W. D. MEWBORN.

(Decided November 9, 1898).

### *Fixtures—Severance—Deed of Trust.*

Where fixtures are put upon land by the owner, who mortgages it as se-
curity for a debt they may not be severed to the injury of the
mortgagee—but where placed on the land by the holder of a par-
ticular estate, they may be removed.

CIVIL ACTION tried before *Robinson, J.,* at Fall Term,
1898, of Superior Court of GREENE County.

The plaintiff and his partner, since dead, made two
deeds of trust to the same trustee to secure the same
debt. The first was executed 24 May, 1890, and con-
veyed the land without reference to the fixtures (steam
engine, boiler, &c.) attached—the second was executed
June 12, 1890, and conveyed the fixtures only.

Under the first trust the land was sold, and the sale
confirmed to one A. L. Richardson, who conveyed it
with all appurtenances to the defendants.

The plaintiff now sues to recover the fixtures, or the
value thereof, on the ground that his first deed did not
convey them, or if it did his second deed severed them,
and made them personalty. The defendants claimed
the fixtures under their deed. There was judgment for
the plaintiff, and appeal by defendants.

*Mr. Geo. M. Lindsay,* for defendants (appellants).
*Messrs. Swift Galloway* and *J. B. Batchelor,* for
plaintiff.

FAIRCLOTH, C. J.: In May, 1890, the plaintiff and
his partner, now dead, conveyed a tract of land to a
trustee to secure their indebtedness to The British &

American Mortgage Company. There was at that time on the land one steam engine and boiler, one saw mill, one cotton gin and one set of mill-stones, with the attachments, pulleys and shafting, to each, necessary for their proper use, all so fastened to the premises as to make them fixtures, and it is conceded that they were fixtures at that time. In June of the same year, the plaintiffs executed another deed to the same trustee to secure the same debts, conveying the same engine, saw mill, cotton gin and mill stones, etc.

Under regular foreclosure proceedings to which the plaintiff was a party, a decree of sale foreclosing the first deed was entered in 1897, and sale made, confirmed and deed made to the purchaser Richardson, who afterwards sold to the defendants, there being no exception of the fixtures in the deed, nor at the sale.

The plaintiff (trustor) now sues to recover said fixtures on the idea that the second deed, between the same parties, severed the fixtures and made them personalty as a matter of law, without any agreement in fact that they should be severed. That is the only question to be considered.

Since *Elwees* v. *Mowe*, 2 Smith's Leading Cases, the subject of fixtures has been often before the courts in its application to the various relations of the litigating parties, it being held therein that much depended on those relations.

In *Overman* v. *Sasser*, 107 N. C., 432, this court commented on several of such relations, and it was held that attachments made by a *tenant by the courtesy* might be recovered by his personal representative against the remainderman.

In *Moore* v. *Valentine*, 77 N. C., 188, a distinction was drawn and it has been since followed by this Court,

viz : 1. That where improvements to the land were made by the owner, mortgagor, trustor, lessor or vendor these improvements *enhanced* the value of the land, and of course increased the security, and that such attachments could not be removed by the owner to the prejudice of the mortgagee, etc. 2. That where improvements were added by the lessee, tenant for life, or other tenants, these attachments apparently fixtures were for the betterment of the particular estate, and that, in the interest of trade, manufacturing and agriculture, they could be removed at the will of the tenant, as that rule worked no injury to the owner.

An illustration of the first proposition is found in *Bond* v. *Coke*, 71 N. C., 97. A mortgaged his land to B to secure the payment of debts and afterwards fixed a gin and press in the usual manner, and subsequently sold his equity of redemption, including the gin and press by name, to C. B sold the land under the first trust, excepting the gin and press at the sale, but made no exception in his deed to the purchaser ; *Held*, that the purchaser acquired title to the gin and press, as any verbal exceptions at the sale would have no effect in controlling the provisions of the deed.

Such fixtures as those in the present case are a part of the land, as much so as a house or a tree, until *actual* severance, and a deed conveying the land, without any exception, in legal effect passes the title to the steam engine, etc., to the purchaser, who received his title under the sale decreed by the court. Even if there had been a verbal agreement to revest in the plaintiff the title to the fixtures, it (the title) could not pass, except in the manner required by the Statute of Frauds.

The second deed does not profess to work a severance, nor to assume expressly that an actual severance had

occurred ; but it undertakes to convey an interest that had already passed by the first deed.   If the idea was to convey the equity of redemption to the same trustee, the plaintiff's equity to redeem would still remain.   The second deed would have no effect on the rights of the purchaser.   It was probably made under some doubt in the minds of the contracting parties, whether the fixtures passed with the land under the first deed, or not.

Other questions were argued, but they are of no importance in the case.   In any aspect of this case, we think the judgment was erroneous.

Reversed.