W. B. BASNIGHT ET AL. v. P. H. SMALL.

(Filed 10 September, 1913.)

1. Fixtures—Logging Roads.

An ordinary logging road affixed to the land by the owner of the land is a fixture which goes with the conveyance of the title thereto.

2. Same—Deeds and Conveyances—Vendor and Vendee—Reservation of Timber—Expressio Unius, Etc.—Intent.

A deed to land whereon is laid and affixed an ordinary logging road, which reserves a part of the timber growing on the land, and does not reserve the logging road, passes the title to the latter, under the doctrine of *expressio unius exclusio alterius;* and the contention that the logging road was not intended as a fixture and should not be considered as such, for that it was for the purpose of removing the timber reserved in the deed, cannot be maintained. *S. v. Martin,* 141 N. C., 832, cited and applied.

APPEAL by plaintiffs from *Whedbee, J.,* at Fall Term, 1912, of PERQUIMANS.

This is an action to recover damages for entering upon the land of the plaintiff and removing a logging road therefrom.

On 31 December, 1910, the defendant conveyed the land to the plaintiffs, reserving all the pine timber that would measure 10 inches across the stump when cut, provided the same was cut within ten years.

The plaintiff W. B. Basnight testified as follows: "I am one of the plaintiffs. Cason and I bought the land described in deed from Small for $10,000. About one-third of it was wood-

land. Besides the pine reserved by Small, there was some pop-
lar and a good bit of gum and oak. At the time the bargain
for the land was made, and when the deed was made, both, there
was a logging road upon the land. This road started at the
sound and ran back, through the woods, on edge of the pasture
and into the swamp, for about a mile. All of the road was on
this tract of land and was built for the purpose of getting out
the timber on this tract. This road was just an ordinary log-
ging road. First the ties were laid and then the rails. A few
of the ties were entirely underground, others filled in with dirt,
so as to make the road level. Road was made level enough for
mules to walk upon. There were two trestles, one 30 and one
40 yards in length. The 30-yard one was about 4 feet high.
On these trestles the ties were laid on posts or piling, right
close together, joining so as to make it solid. The rails were
12-pound rails, and were fastened to the ties with spikes. Ties
were pine—sap pine, I think—and would have lasted four or
five years. At the time of Small's deed to Cason and me, there
was timber upon this tract, other than the pine reserved by
Small, large enough to cut, and we could have used this road
beneficially in getting out this other timber.

"Small moved this road. This after his deed to plaintiffs
was made. Tore up the road and hauled the rails away. The
land was worth $1,500 less, after the road was removed, than it
was with the road there as it was when plaintiffs bought it.

"Small moved but a few pines after plaintiffs bought land.
Don't know whether he hauled them over road or in wagons.
He used road for hauling pines before he sold land to me.

"After Small moved road, he sold me the pine timber (re-
served in his first deed) for $2,000. Don't remember whether
this was before or after this suit was brought—some time in
July or August last year."

Plaintiffs then introduced the following admissions:

"It is admitted that Miles Goodwin, if present, subject to
competency and relevancy, would swear that he has had much
experience in cutting out rights of way through woods, similar
to that spoken of in complaint, and that the cost of cutting out

such right of way and laying ties and iron on it, in making a timber road, would be from 25 cents to 30 cents per yard, in making a mile of road."

Plaintiffs rested.

At the conclusion of the plaintiffs' evidence, the defendant moved for judgment as of nonsuit, which was allowed. Plaintiffs excepted and appealed to the Supreme Court.

*Bond & Bond and P. W. McMullan for plaintiffs.*
*Ward & Thompson and Charles Whedbee for defendant.*

ALLEN, J., after stating the case: If there is any evidence that the logging road was a fixture, there was error in entering the judgment of nonsuit, because, if a fixture, it passed to the plaintiff by a conveyance of the land, and he would be entitled to recover damages for its removal, and we are of opinion there is such evidence.

The logging road was annexed to the soil, and if the testimony of the plaintiff is true, it was built for the better enjoyment of the land, and was adapted to that purpose, thus meeting the rule stated by *Justice Walker* in *S. v. Martin,* 141 N. C., 832, which, while correct as applied to the facts then being considered, is more favorable than the one adopted by our Court as applicable between vendor and vendee, which is the relationship of the plaintiffs and the defendant.

In *Overman v. Sasser,* 107 N. C., 435, substantially all of the cases bearing directly on this question are collected by the present *Chief Justice,* and the Court there adopts the rule laid down by *Lord Ellenborough* in *Elwes v. Mawe,* 3 East, 38, that as between vendor and vendee "the common-law rule, that whatever is affixed to the freehold becomes a part of it and passes with it, is observed in full vigor."

The defendant contends, however, that although this may be the rule usually applied between vendor and vendee, that the fact that the logging road was built for the removal of the timber, and that the pine timber is excepted in the deed, take this case out of the rule, and that when the character of the road is considered, it appears that it was not the intention of the parties that the logging road should pass by the deed.

163—2

The answer is, that if he built the road for the sole purpose of removing the timber, he was at that time the owner of the timber, and if he then made the road a part of the land by annexation, he could not afterwards change its character by selling the land, reserving the timber.

It also appears from the evidence of the plaintiff that there was other timber on the land, not reserved, large enough to cut, and that the plaintiffs could have used the road beneficially in getting out this timber.

The reservation in the deed, instead of strengthening the contention of the defendant, refutes it, upon the familiar maxim, *expressio unius exclusio alterius*.

The conclusion is almost irresistible, that when the attention of the defendant was called to the reservations he wished to make by mentioning the pine timber, he would have also included the logging road if he had not intended it to pass by the deed.

There is error.

Reversed.