MINNIE B. JENKINS v. MORGAN FLOYD AND SOPHIE B. FLOYD.

(Filed 24 September, 1930.)

**Fixtures A a—Affixed chattels in this case held to pass with realty as between vendor and purchaser.**

> Where a husband gives a deed to certain lands to his wife, the question of whether affixed chattels pass with the realty is determined as between vendor and purchaser, and where prior to the deed the husband places a cotton gin and corn mill in an outhouse on the land and uses them for his own crops and for profit for those of neighbors, applying the doctrine of fixtures, the gin and corn mill pass to the wife under the deed and are subject to her disposition by will and not the will of her husband.

APPEAL by defendant from *Devin, J.,* and a jury, at May Term, 1930, of WARREN. No error.

This action was instituted by Minnie B. Jenkins, the plaintiff, against Sophie B. Floyd and Morgan Floyd, her husband, the defendants, to recover the possession of a cotton gin and corn mill, including equipment and appurtenances. Plaintiff claimed ownership of the gin and corn mill under Item Four of the will of Mary E. Baird, mother of the plaintiff and the *feme* defendant, probated 17 May, 1929. The *feme* defendant claimed ownership thereof under Item Six of the will of J. J.

Baird, father of the plaintiff and the *feme* defendant, probated 10 March, 1925.

Item 5 of the will of Mary E. Baird is as follows: "I give and devise to my daughter, Minnie Baird Jenkins, fifty-five (55) acres of the Howard Gray tract of land now owned by me; this land shall be from an east and west line across the farm; the land devised in this clause shall be on the south side of the above-mentioned line and is situated partly in Virginia and partly in North Carolina. I also bequeath to my daughter, Minnie Jenkins, the right to reside in the house in which she now resides as long as she may wish to do so. I also wish her to have the use of my gin and corn mill as long as she may care to operate the same."

Item 6 of the will of J. J. Baird is as follows: "At the death of myself and wife, I bequeath to my daughter, Sophie E. Baird (now Morgan), all property belonging to me after carrying out the provisions of this will."

J. J. Baird on 10 April, 1917, deeded 10 acres of land at Elams, N. C., to his wife Mary E. Baird, known as the "Eaton Place," where the parties resided at the time the deed was made. On this place was the cotton gin and corn mill, which was willed to plaintiff. She lived in the house on the ten-acre tract.

The court below charged the jury, in part, as follows: "Therefore, the court is of the opinion that this cotton gin, according to the testimony, having been placed in a building on this land, and used as a cotton gin for the purpose of ginning cotton, and the corn mill placed in a building on this land and used for the purpose of grinding corn for the trade, for business; that being so situated in these buildings on the land it did, as a matter of law, become a part of the real estate, and passed under the deed from J. J. Baird to Mary E. Baird, and thereupon she would have a right to devise and will the use of that property as she might put in her last will and testament, and her last will and testament having been offered in evidence and admitted, that she did devise the use of the cotton gin and corn mill to her daughter, Minnie B. Jenkins, the court charges you if you find the facts to be true as testified, and as shown by all the evidence, both written and oral, that you will answer this issue that the plaintiff, Mrs. Jenkins, under the provisions of the will of Mary E. Baird, as alleged in the complaint. So, gentlemen, the issue is this: 'Is the plaintiff entitled to the use of the cotton gin and corn mill described in the complaint, under the provisions of the will of Mary E. Baird, as alleged in the complaint.' If you find by the greater weight of the evidence that the facts are as testified to by the witnesses, and as shown by the written and oral testimony, you will answer this issue Yes."

Upon the answer by the jury "Yes," judgment was rendered for plaintiff. Defendants assigned error and appealed to the Supreme Court.

*John H. Taylor for plaintiff.*
*Julius Banzet for defendants.*

CLARKSON, J. The sole question presented in this action: The owner of land placed in buildings on his land (1) a cotton gin, used for the purpose of ginning cotton for himself and the public; (2) a corn mill, used for the purpose of grinding corn for himself and the public, both run by the same boiler. Are they fixtures, and do they become part of the realty? We think so as between vendor and vendee.

It was in evidence that the gin and corn mill were in separate buildings, but run by the same boiler. The machinery was installed by J. J. Baird for the purpose not only of ginning his own cotton and grinding his own corn, but operated for the purpose also of ginning and grinding corn for other people. The gin and corn mill were installed prior to the deed of 10 April, 1917, from J. J. Baird to his wife, Mary E. Baird. The positive evidence was to this effect, although there was some negative uncertain evidence that the corn mill was installed a little later than the date of the deed, but its probative force was not sufficient to be submitted to the jury.

It will be noted the question of fixtures arises between vendor and vendee.

In *Potter v. Cromwell,* 40 N. Y., 287 (100 Am. Dec., p. 485), a portable grist mill was held to be a fixture and at execution sale went as part of the realty to the purchaser. *Daniels, J.,* at p. 297, said: "For it was annexed to the building erected upon the land, to be applied and appropriated to the business there to be carried on, with the design that it should be a permanent structure for use as a custom grist mill for the neighborhood existing about it."

In *McKenna v. Hammond,* 3 Hill Law, 331 (S. C.), (30 Am. Dec., 366), *Evans, J.,* said: "The principle upon which that case was decided, is, that whatsoever is erected upon land as a means of enjoying it, is a fixture; but whatever is intended for the purpose of carrying on a trade which has no necessary connection with the use of the land, is a mere chattel, and belongs to the administrator. And it was on the authority of the reasons of this case, that it was held in *Fairis v. Walker,* 1 Bail., 540, that a cotton gin was a fixture, and passed with the freehold." *DeGraffenreid v. Scruggs,* 4 Humphreys, 451 (Tenn.).

In *Richardson v. Borden,* 42 Miss., at p. 77, we find the following: "It seems to us, therefore, that it is clear from the authorities, here cited, as well as upon reason, that the gin-stand in this case, standing

as gin-stands usually stand for use, being the only one on the place, and no reservation having been made at the time of sale or delivery of possession of the premises, was a fixture and passed with the title to the realty."

In *Latham v. Blakely*, 70 N. C., at p. 371-2, *Settle, J.*, speaking to the subject, said: "In answer to the suggestion that the gin was not sufficiently attached to the house to make it a part thereof, we observe that the later and better authorities pay more regard to the purposes which are to be served by the thing attached than to the manner of making the actual attachment. In South Carolina it is held that a cotton gin in its place, *i. e.*, connected with the running works in the gin house, is a fixture which passes to the purchaser of the house. *Bratton v. Clawson*, 2 Strobhart, 478. And this Court has held that planks laid down as an upper floor of a gin house, and used to spread cotton seed upon, though not nailed or otherwise fastened down than by their own weight, become a part of the gin house by being put in it for the purpose of being used with it, and the Court says, 'In that view it makes no difference whether they were nailed to the sleepers or not.' *Lawrence v. Bryan*, 5 Jones, 337 (50 N. C., 337)." *Bond v. Coke*, 71 N. C., 97; *Deal v. Palmer*, 72 N. C., 582; *Foote v. Gooch*, 96 N. C., 265; *Horne v. Smith*, 105 N. C., 322.

The case of *Overman v. Sasser*, 107 N. C., p. 432, is distinguishable from the present case. In that case the tenant by the curtesy put the cotton gin on the land. *Clark, J.*, distinguishes it from the cases above cited relative to vendor and vendee, says that the case comes under second class mentioned by *Lord Ellenborough* as follows: "Between executor of tenant for life, or in tail, and the remainderman, in which case the right of fixtures is considered more favorable for the executor." *Basnight v. Small*, 163 N. C., 15; *Pritchard v. Steamboat Co.*, 169 N. C., 457. See *Finance Co. v. Weaver, ante*, 178. In that case it is held that where personal property is sold under conditional sale contract, which is duly registered, does not become realty as against the conditional sale. On the record there is

No error.