TINA D. LITTLE, A MINOR, BY ANN HINES DAVIS, HER GUARDIAN AD LITEM, PLAINTIFF v. NATIONAL SERVICE INDUSTRIES, INC., D/B/A GHOST TOWN IN THE SKY, DEFENDANT v. GOFORTH INDUSTRIES, INC., A NORTH CAROLINA CORPORATION, AND HAYWOOD ELECTRIC MEMBERSHIP CORPORATION, THIRD-PARTY DEFENDANTS

No. 8530SC848

(Filed 18 March 1986)

Fixtures § 1— chairlift—negligent repair—improvement to realty—intent of owner—summary judgment for repair company

In an action to recover for the allegedly negligent redesign and repair of a chairlift, summary judgment was properly entered for defendant on the ground that the repairs were improvements to real property and the action was therefore barred by N.C.G.S. 1-50(5), since the test for resolving the question of whether a chattel attached to real property becomes real property or remains personalty is the intention with which the annexation of the article to the realty is made; where the owner of the land and the owner of the chattel are the same person, as in this case, annexation of the chattel to the realty

gives rise to a presumption that the owner intended that the chattel become part of the realty; although the presumption may be rebutted by evidence of a contrary intention, the relationship of the parties to this controversy, plaintiff as owner of the land and defendant as the one who annexed the chattel, required that the owner's contrary intention be ascertainable from facts and circumstances reasonably apparent to defendant; the characteristics of the chairlift, its relationship to plaintiff's land and its business, and the manner in which the chairlift was attached to the land all constituted strong evidence that it was an improvement to realty; and plaintiff's evidence of the manner in which it treated the chairlift for tax purposes and as to the common practice of dismantling and selling chairlifts in the recreational park industry, though some evidence of intent to treat the chairlift as personalty, was insufficient to rebut the presumption that it was an improvement to realty, absent some showing that defendant had actual or constructive notice of these factors.

APPEAL by defendant from *Grist, Judge.* Judgment entered 8 March 1985 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 11 December 1985.

National Service Industries, Inc. (National), defendant and third party plaintiff, is the owner and operator of Ghost Town in the Sky, a recreational park in Maggie Valley, North Carolina. In February 1975, National hired third party defendants Goforth Industries, Inc. (Goforth), to repair and redesign the chairlift which was used to transport visitors from the parking lot to the top of the mountain where the park was located. The work was completed by the end of 1976 and consisted of redesigning and repairing the brake system, carriage tracks and wheels, and the concrete column footings.

On 31 July 1983, while riding the chairlift, Tina Little was injured due to an alleged malfunction of the brake system. Ms. Little, through her Guardian ad litem, filed suit against National which in turn filed suit against Goforth, alleging negligence in the redesign and repair of the chairlift.

In its responsive pleading, Goforth moved to dismiss the third party complaint, pursuant to G.S. 1A-1, Rule 12(b)(6), on the ground that National's claim was barred by the six year statute of limitation contained in G.S. 1-50(5). Goforth also denied negligence, alleged that any injuries sustained by plaintiff were proximately caused by National's negligence, and asserted the provisions of G.S. 1-50(5) as an affirmative defense. Both National and Goforth filed affidavits. The trial court entered judgment

dismissing National's third party complaint against Goforth on the grounds that the repairs made to the chairlift were improvements to real property, thereby barring the action pursuant to G.S. 1-50(5). National appeals.

*Richard W. Riddle for defendant appellant.*

*Roberts, Cogburn, McClure & Williams, by Landon Roberts, Isaac N. Northup, Jr., and Glenn S. Gentry, for third party defendant appellee.*

MARTIN, Judge.

The sole issue raised by this appeal relates to the status of National's chairlift as an "improvement to real property." If the chairlift is considered a part of the real property, G.S. 1-50(5) bars National's third party claim; otherwise the statute has no application. For the reasons stated herein, we affirm the judgment of the trial court.

Goforth's motion to dismiss for failure to state a claim was converted to a Rule 56 motion for summary judgment by the trial court's consideration of the affidavits filed in support of, and in opposition to, the motion. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Summary judgment is granted in favor of the moving party where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Gore v. Hill*, 52 N.C. App. 620, 279 S.E. 2d 102 (1981). A defending party is entitled to summary judgment if he can show that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). "Once the movant demonstrates that no material issues of fact exist, the burden shifts to the nonmovant to set forth specific facts showing that genuine issues of fact remain for trial." *Orient Point Assoc. v. Plemmons*, 68 N.C. App. 472, 473, 315 S.E. 2d 366, 367 (1984).

The pertinent portions of G.S. 1-50(5) provide:

G.S. 1-50. Six years.

. . . .

(5) a. No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to the real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

　　　b. For purposes of this subdivision, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes:

　　　. . . .

　　　3. Actions to recover damages for personal injury, death or damage to property;

　　　. . . .

　　　6. Actions for contribution or indemnification for damages sustained on account of an action described in this subdivision;

　　　. . . .

G.S. 1-50(5) is a statute of repose which bars actions for personal injuries or property damages allegedly caused by defects in design, construction or repairs to real property unless the action is brought within six years from the completion of the work. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983). Both National and Goforth agree that Goforth's work was completed more than six years before the initiation of this action; for that matter, the record indicates that it was completed more than six years before the occurrence of the accident in which the minor plaintiff was injured. Therefore, the resolution of this case depends upon whether there is any genuine issue of material fact as to the status of National's chairlift apparatus as an "improvement to real property."

The materials submitted to the trial court at the hearing of Goforth's motion consisted of the pleadings and affidavits submitted by National and Goforth. From those materials appear the following undisputed facts: National is the owner and operator of the recreational park and is the owner of the chairlift. Goforth was employed by National in 1975 to perform certain work on the chairlift. The work consisted of redesigning and repairing the bull

wheel, carriage tracks and wheels, and brake system which are component parts of the chairlift. The chairlift is affixed to the ground by means of poured concrete footings to which the steel tower supports are bolted and braced. The bull wheel is attached by bolts to a concrete form encased in steel. The brake system is housed above the bull wheel and is bolted to steel beams.

Additionally, National asserted by affidavit that the entire chairlift system was carried on its books as machinery and equipment so as to be "written off tax wise as personal property." National also asserted that it is a common practice in the recreation park industry to remove chairlifts and to sell them to other recreational parks.

To determine the status of the chairlift as real or personal property, we turn to the law of fixtures. "A fixture has been defined as that which, though originally a movable chattel, is, by reason of its annexation to land, or association in the use of land, regarded as a part of the land, partaking of its character. . . ." 1 Thompson on Real Property, 1980 Replacement, § 55, at 179 (1980). Generally controversies involving the question of fixtures arise out of disputes as to rights of possession of, or interests in, the chattel. In that context, several tests for resolving the question of whether a chattel attached to real property becomes real property or remains personalty have been referred to in the cases. They include (1) the manner in which the article is attached to the realty, *Clark v. Hill*, 117 N.C. 11, 23 S.E. 91 (1895); (2) the nature of the article and the purpose for which it is attached to the realty, *Jenkins v. Floyd*, 199 N.C. 470, 154 S.E. 733 (1930); and (3) the intention with which the annexation of the article to the realty is made. *Foote v. Gooch*, 96 N.C. 265, 1 S.E. 525 (1887). Under the modern view, the controlling test is the intention with which the annexation is made. *Ingold v. Phoenix Assur. Co.*, 230 N.C. 142, 52 S.E. 2d 366 (1949).

The intent with which a party annexes a chattel to real property is determined, in large measure, by the relationship of the parties to the land and to each other. For example, when additions are made to land by its owner, it is generally viewed that the purpose of the addition is to enhance the value of the land, and the chattel becomes a part of the land. *Belvin v. Paper Co.*, 123 N.C. 138, 31 S.E. 655 (1898); *Moore v. Valentine*, 77 N.C. 188

(1877). On the other hand, where the improvement is made by one who does not own the fee, such as a tenant, the law is indulgent and, in order to encourage industry, the tenant is permitted "the greatest latitude" in removing equipment which he has installed upon the land. *Overman v. Sasser*, 107 N.C. 432, 12 S.E. 64 (1890). Where the controversy is between parties connected to the transaction in some manner, as in a controversy between the owner of the land and the one who annexed the chattel, the subjective intent of the parties as evidenced by their words, conduct, or agreements, express or implied, is the relevant intent. Thompson, *supra*, § 56. *See Lee-Moore Oil Co. v. Cleary*, 295 N.C. 417, 245 S.E. 2d 720 (1978). However, where the rights of a third party, who is unconnected to the land or the original transaction by which the chattel was annexed, are concerned, the question is not so much the actual subjective intention of the party making the annexation, but his intention reasonably apparent to such third person as manifested by physical facts and outward appearances. Thompson, *supra*, § 59. In such a case, the annexor's intent is ascertained from such external indicia as the relationship of the annexor to the land (owner or tenant), the nature of the chattel attached and its relationship or necessity to the activity conducted on the land, and the manner in which the chattel is attached. *Id.* Because Goforth is a stranger to both the land of National and its annexation of the chairlift to its land, we must apply the latter tests to determine National's intent as it was reasonably apparent to Goforth.

National is the owner of the chairlift and of the premises upon which it is situated. Where the owner of the land and the owner of the chattel are the same person, annexation of the chattel to the realty gives rise to a presumption that the owner intended that the chattel become a part of the realty. *Lee-Moore Oil Co. v. Cleary, supra.* Although the presumption may be rebutted by evidence of a contrary intention, *id.*, the relationship of the parties to this controversy requires that the contrary intention be ascertainable from facts and circumstances reasonably apparent to Goforth. The burden of showing the contrary intention is upon the party claiming that the annexed chattel is personal property. *Ingold v. Phoenix Assur. Co., supra.*

The characteristics of the chairlift and its relationship to National's land and its business are undisputed. The chairlift con-

sists of towers, cables, tracks, wheels and other component parts, operated by electricity, and it is used to transport customers from National's parking lot at the highway to its recreational park at the top of the mountain. The nature of the annexed chattel and its use in connection with the business conducted on the realty is strong evidence of the intention with which it was attached to the realty.

> If personal property is attached to the real estate and is adapted to the purposes for which the real estate is being used, it will be presumed that the party attaching it intended that it should be part of the real estate, unless a contrary intention appears from the conduct of the parties in relation to it.

Thompson, *supra*, at 206. The chairlift is appropriate to National's use of its land and it is apparently consistent with National's interest that the chairlift be treated as a part of the realty. Thus, to persons having no notice to the contrary, the nature of the chairlift and its use give the reasonable outward appearance that National intended that it be a part of the real property. *See Jenkins v. Floyd, supra.*

The manner in which the chattel is attached to the land also provides objective evidence of the intention of the party attaching it. In this case, the structure, or principal part of the chairlift system, is attached to National's property by means of steel tower legs bolted to poured concrete foundations. There is no question that the concrete footings were annexed to the real property; attachment of the tower legs to the concrete footings by bolts is also a sufficient actual annexation to the soil to show an intention that the chairlift system be a part of the real property. *See Clark v. Hill, supra.* Where the principal part of the machinery is physically annexed to the realty, component parts thereof which are not physically annexed, but which, if removed, would not be useful other than as component parts of the machinery and the removal would leave the principal part useless, are considered to be annexed. Thompson, *supra*, § 61.

> It is a well recognized rule that when articles of personal property which are especially adapted and designed to be used in connection with the realty, and essential to the convenient and profitable enjoyment of the estate, are affixed to

it, with an intention to make them a permanent accession to the land, they become a part of the realty, though not so fastened as to be incapable of removal without serious injury to themselves or the freehold.

Thompson, *supra*, § 62, at 221-22.

All of the external indicia of intent shown by the uncontested facts are consistent with an intention by National that the chairlift be made a part of the real property. National argues, however, that a genuine issue of fact as to its intention is created by its assertions as to the manner in which it treats the chairlift for tax purposes and as to the common practice with respect to chairlifts in the recreational park industry. We disagree. National's internal accounting treatment of the chairlift would evidence its subjective intention that the chairlift remain personalty. However, in the absence of some showing that Goforth had actual or constructive notice, this accounting practice would not ordinarily be ascertainable to third parties and would therefore not be relevant to the issue of National's intent as reasonably apparent to Goforth. For similar reasons, evidence of a common practice in the recreational park industry to remove and sell chairlifts, standing alone, is insufficient to create a genuine issue of fact as to National's intent. There was no showing that Goforth was engaged in the recreational park industry or familiar with practices among those who are.

Summary judgment is generally not appropriate where intent or other subjective feelings are at issue. *Feibus & Co., Inc. v. Godley Const. Co.*, 301 N.C. 294, 271 S.E. 2d 385 (1980). The rule that intent should generally be a question of fact for the jury does not mean, however, that it should always be so. In this case, it is not National's actual subjective intent which is at issue, rather, the issue is National's apparent intent, ascertainable to others from physical facts and outward appearances. Though there may be an issue of fact as to National's actual intent with respect to the chairlift, the issue of actual intent is immaterial. Questions of fact which are immaterial are insufficient to defeat summary judgment. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Goforth has demonstrated, through the cumulative weight of inferences from objective facts, National's apparent intent that the chairlift become a part of its real property. Na-

tional has failed to produce any relevant affirmative evidence of objective facts from which a contrary intent, apparent to others, may be inferred. Thus no genuine issue of facts exists. As between National and Goforth, therefore, the chairlift is treated as an "improvement to real property" and National's third-party action is barred by G.S. 1-50(5). The judgment of the trial court must be affirmed.

Affirmed.

Judges EAGLES and COZORT concur.