An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-689

NORTH CAROLINA COURT OF APPEALS

Filed: 20 January 2015

STATE OF NORTH CAROLINA

    v.                                      Person County
                                        No. 12 CRS 51878
DWIGHT BRADSHER POOLE


Appeal by defendant from judgment entered 19 November 2013 by Judge Henry W. Hight, Jr., in Person County Superior Court. Heard in the Court of Appeals 15 December 2014.


    *Attorney General Roy Cooper, by Assistant Attorney General Colin A. Justice, for the State.*

    *Geeta N. Kapur for defendant-appellant.*


STEELMAN, Judge.


Where the trial court correctly gave the jury supplemental instructions on the law of fixtures, the trial court did not express an opinion as to the facts of the case.

## I. Factual and Procedural Background

In August 2012, Dwight Bradsher Poole (defendant) was operating Greater Looks Clothing Store on property rented from Hall's Agri-Business ("Hall's") in Roxboro, North Carolina. On

13 August 2012, Joe Berryhill, a manager with Hall's, visited defendant's store. Berryhill testified that Hall's was in the process of terminating defendant's lease because he was delinquent in the payment of his rent, and that defendant was in the process of moving out of the building. Berryhill noticed that defendant was "taking down the rails and the shelves" and he told defendant that they belonged to Hall's. Defendant disagreed and stated that he owned the rails and shelves. Berryhill visited the premises on two other occasions; each time he told defendant that the shelves belonged to Hall's, and defendant disagreed. Defendant took the shelves with him when he vacated the property, and Berryhill reported the theft of the shelves to the sheriff's office.

On 14 January 2013, defendant was indicted for felony larceny. A superseding indictment was returned on 14 October 2013. Defendant was found guilty as charged by the jury. The trial court sentenced defendant to a term of 10 to 21 months imprisonment. This sentence was suspended, and defendant was placed on supervised probation for twenty-four months. Defendant was ordered to pay restitution, attorneys' fees, costs, and a community service fee.

Defendant appeals.

## II. Trial Court's Response to Jury Question

In his sole argument on appeal, defendant contends that the trial court's response to the jury's question about fixtures constituted an improper expression of opinion as to a material factual issue. We disagree.

## A. Standard of Review

N.C. Gen. Stat. § 15A-1222 provides that "[t]he judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2013). N.C. Gen. Stat. § 15A-1232 further provides that "[i]n instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved and shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence." N.C. Gen. Stat. § 15A-1232 (2013). However, not every remark by the judge, if an impermissible expression of opinion, is so prejudicial as to require a new trial. *State v. Herrin*, 213 N.C. App. 68, 72, 711 S.E.2d 802, 806 (2011).

## B. Analysis

During the jury's deliberations, the jury submitted to the trial court the following question: "If something is affixed to the building, is it considered property of the said building?" Over defendant's objection, the trial court called the jury back

into the courtroom and instructed them:

> Um, the law of North Carolina provides, "Unless there is something else appearing, that property that becomes affixed to a structure belongs to the owner of the structure." With that, ladies and gentlemen, you may retire and continue your deliberations.

We hold that the trial court's supplemental instruction to the jury constituted a statement of law, not fact. The jury requested that the trial court give further instructions on the law relating to fixtures on real property. In response, the trial court did not state, summarize or recapitulate the evidence, or attempt to explain the application of the law to the evidence. *See* N.C. Gen. Stat. § 15A-1232. Instead, the trial court responded by summarily instructing the jury on the law of fixtures. *See Little by Davis v. Nat'l Servs. Indus., Inc.*, 79 N.C. App. 688, 694-95, 340 S.E.2d 510, 514 (1986) ("It is a well-recognized rule that when articles of personal property which are especially adapted and designed to be used in connection with the realty, and essential to the convenient and profitable enjoyment of the estate, are affixed to it, with an intention to make them a permanent accession to the land, they become a part of the realty, though not so fastened as to be incapable of removal without serious injury to themselves or the freehold.") (quoting 1 Thompson on Real Property, 1980

Replacement, § 62, at 221-22 (1980)).

Accordingly, we find no error.

NO ERROR.

Judges ELMORE and DILLON concur.

Report per Rule 30(e).