Battle, J.
 

 The question, of what are, or are not fixtures, as between the vendor and vendee of real estate, has not often been the subject of judicial decision in this State, and tlm counsel for the plaintiff has been unable to.refer us to any casein our reports upon the subject. He has, however, called our attention to two cases in. the English, which throw much light upon the question which wc are now called upon to decide. The first is the case of
 
 Colegrave
 
 v.
 
 Dias Santos,
 
 2 Barn. and Cres. 76, (9 Eng. C. L. Report 30,) where a house was sold in which were grates, kitchen ranges, closets, shelves, brewing-coppers, locks and bolts, as well as stoves, cooling-coppers, mash-tubs, water-tubs, and blinds. The fixtures were not excepted, and it was held that the grates, kitchen ranges, closets, shelves, brewing-coppers-, locks and bolts, passed to the vendee, as such, but that the other articles, enumerated above-, did not pass. In the other case of
 
 Wiltshear
 
 v. Cottrell, 1 Ell. and Black 674, 22 Eng. C. L. Rep. at page 687, which was a sale of land, it appeared that there were on.the land staddles which were erected for the support of ricks, and were stone pillars mortared to a foundation of stone and mortar, let into the earth, and were capped with stone mortared on the pillars. There was also a threshing machine, fixed by bolts and screws to posts which were let into the ground, and the machine could not be got out without disturbing some of the soil. The stacl-dles, ricks and the threshing machine were decided to be fixtures which passed with the land to the vendee.
 

 
 *339
 
 Upon the principle of these decisions, we have no doubt that the purchaser acquired a good title to all the articles taken away by the defendant in the present case. The stills and kettle became fixtures by being fixed in and enclosed by the brick-work, and by their not being liable to be taken away without taking down the brick-work. The plank became a part of the gin-house by being put in it for the purpose of being used with it, and in that view, it makes no difference whether they were nailed to the sleepers, or not. Had they been laid upon the sleepers in piles, for safe keeping or for convenience, or spread there to dry, and not to be used with the house, they might have been regarded as personal chattels, and of course would not have been included in the salo of the land. The judgment in favor of the plaintiff upon the ease agreed was right and must be affirmed.
 

 Per Curiam;,, Judgment affirmed*