FLEISHEL *v.* JESSUP.

APPEAL by defendant from *Pless, J.,* at June Term 1955, of Mc-DOWELL.

*Attorney-General Rodman, Assistant Attorney-General Love, and Lewis Bulwinkle, Member of Staff, for the State.*
*I. C. Crawford and Lawrence C. Stoker for defendant, appellant.*

———

C. F. FLEISHEL v. J. C. JESSUP, P. W. JESSUP AND ARNOLD T. JESSUP.

(Filed 21 September, 1955.)

**Mortgages § 36—**

Defendants executed purchase money notes, secured by deed of trust, for certain lands, machinery and equipment, the parties agreeing on the value of the land at the time of the execution of the notes. The machinery and equipment were damaged or destroyed by fire. *Held:* In an action on the notes, judgment for deficiency, calculated upon the value of the land as agreed upon by the parties at the time of the purchase and sale, is premature, since there can be no deficiency until sale, and only then may the court determine whether the machinery and equipment were affixed to the land and became realty, whether G.S. 45-21.38 applies, and the amount of the deficiency judgment, if any, to which plaintiff is entitled.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bone, J.,* May Term, 1955, PAMLICO. Error and remanded.

Civil action on purchase money notes in which the plaintiff claims that a planing mill, two boilers, and two brick dry kilns, attached to the realty and which have been destroyed by fire, were personal property. At the time the notes were issued, the parties agreed on the value of the land and the above-enumerated structures. Defendant pleads G.S. 45-21.38 which prohibits deficiency judgments in certain instances. The court below accepted the value of the land as agreed upon at the time of the purchase and sale, deducted that amount from the total amount of the notes, and rendered deficiency judgment for the balance. Defendants appealed.

*B. B. Hollowell and R. E. Whitehurst for plaintiff appellee.*

*Henry A. Grady, Jr., and Raymond E. Dunn for defendant appellants.*

PER CURIAM. The action of the court must be held for error. There can be no deficiency until there is a sale. At present all parties are unadvised as to what the land will bring at public sale. The determination of the issue as to whether the enumerated structures were real property or personal property and the value of the land at present must await the sale. It follows that the judgment entered was premature. Judgment entered is vacated, and the cause is remanded to the end that the sale may be had. The court may then determine the amount of the deficiency judgment—if any—to which plaintiff is entitled and the other questions and issues raised by the pleadings.

Error and remanded.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.