C. F. FLEISHEL v. J. C. JESSUP, P. W. JESSUP AND ARNOLD T. JESSUP.

(Filed 19 September, 1956.)

**Mortgages § 36—**

In an action to recover deficiency judgment after foreclosure of a deed of trust on certain realty and stipulated "items of machinery and equipment and other personal property," defendant mortgagors are entitled to introduce evidence bearing upon and have the jury determine the question whether the enumerated structures, or any of them, were actually affixed to and became a part of the freehold, and the value thereof, since plaintiffs are precluded by G.S. 45-21.38 from recovering deficiency judgment as to any portion which was realty.

JOHNSON, J., not sitting.

APPEAL by defendants from *Fountain, S. J.,* at 16 February, 1956, Term of PAMLICO.

Civil action to recover deficiency judgment on certain promissory notes, and to foreclose deed of trust securing the notes.

The record on this appeal shows that plaintiff alleges in indicated paragraphs of his complaint substantially the following:

"3." That prior to 17 November, 1952, plaintiff was the owner of the following described property, real and personal, situate in Pamlico County, N. C.: Two specifically described tracts of land, and "also the

following items of machinery and equipment and other personal property.

"Planing Mill and all equipment incident thereto.

"Two (2) 150 Horsepower Boilers and all equipment incident thereto,

"TWO (2) Brick Moore Steam Dry Kilns, and all equipment incident thereto, including bunks, trucks, etc.

"One (1) Ross Lumber Carrier."

"4." That under date of 17 November, 1952, plaintiff agreed to sell and defendants agreed to buy said property and pay therefor the sum of $20,000, $5,000 of which was paid in cash, and the balance of $15,000 was evidenced by six notes in the sum of $2,500 each payable on or before 6, 12, 18, 24, 30 and 36 months from date, bearing interest as stated, and in order to secure same defendants, with the joinder of their wives, executed a deed of trust to Bernard B. Hollowell, Trustee, upon the property above described, which deed of trust is recorded as alleged.

"5." That the first two of said notes were paid when they became due, and the remaining four notes are unpaid; that the first of said notes is past due by its terms, and the remaining notes are past due by reason of the acceleration clause contained in the said deed of trust; that the taxes on said property for the year 1953 are due and unpaid, and there are other taxes due by defendants to Pamlico County, which are or might become a lien upon said property, or so much as has not been destroyed by fire as thereinafter set out.

"8." That on or about 24 April, 1953, a fire destroyed a large part of the personal property and buildings, and the value of said property greatly decreased, and the property as conveyed is only partially available for foreclosure.

And plaintiff prays judgment against defendants jointly and severally in the sum of $10,000 with interest, and unless "paid in a short day to be fixed by the court" a commissioner be appointed to foreclose the deed of trust, or the Trustee therein be directed by the court to foreclose same, and to apply the proceeds, if any, upon said judgment, for costs and general relief.

Defendants, answering, admit each of the foregoing allegations, "subject to the explanations and averments contained in the defendants' second and further defense hereto." And for a second and further defense, defendants aver and say, in pertinent part:

"2." That at the time of the alleged contract and before any of the papers were executed and delivered, plaintiff as the owner of a certain tract of land in Pamlico County, upon which was situated a planing mill, dry kiln, etc., all affixed to and a part of the realty, placed a value

of $10,000 on the dry kiln, $5,000 on the planing mill, $2,500 on the boilers, and $2,500 on the land.

"3." That defendant P. W. Jessup, acting for himself and his co-partners, agreed with plaintiff to purchase said property, based upon values set forth in next preceding paragraph, and it was agreed between the parties that a 10-acre lot was to be conveyed by plaintiff to defendants; and the purchase price agreed upon for the land and fixtures was $20,000, payable as set forth hereinabove, $5,000 in cash and balance to be evidenced by notes secured by a purchase money deed of trust to Bernard B. Hollowell, Trustee, who was then and still is regular attorney for plaintiff.

"6." That the deed of trust made by defendants to Bernard B. Hollowell, Trustee, was for the security of purchase money notes.

"7." That by virtue of the statute G.S. 45-21.38 the plaintiff is not entitled to a deficiency judgment in this case, but is only entitled to have the land described in the deed of trust sold and the proceeds of sale applied on the purchase money debt.

"8." That after defendants had paid off and discharged the first and second notes, as hereinbefore set forth, the building housing the planing mill or sawmill on said land was destroyed by fire, and defendants contend and allege that such misfortune cannot change the law, and plaintiff cannot recover anything more than the land will bring,—that "it is so nominated in the Bond."

And defendants pray that judgment be entered in accordance with, their averments.

Plaintiff also alleges in his complaint, and defendants admit in their answer that the notes, except as to due dates, are in the form attached to the complaint.

Upon the trial in Superior Court defendants offered evidence tending to show the nature and kind of property involved so as to determine whether or not it was real or personal property. The trial court sustained objections thereto, and defendants excepted.

The parties stipulated that the land described in the deed of trust, exclusive of all other property described therein, was worth $3,111.00 on the date of the sale by the commissioners appointed by the court. And plaintiff offered final report of commissioners showing that after paying items of cost, the sum of $1,616.16 was disbursed to the Clerk of Superior Court.

The case was submitted to the jury upon two issues:

"1. Was the planing mill and all equipment incident thereto, the two 150 h.p. boilers and all equipment incident thereto, the two brick Moore steam dry kilns and all equipment incident thereto,

including the bunks and trucks and one Ross Lumber Carrier, a part of the land as alleged in the Answer?

"2. What amount, if any, are the defendants indebted to the plaintiff?"

Upon peremptory instruction the jury answered the first issue "No," and the second "$8,383.84." Judgment was signed in accordance therewith and defendants excepted thereto, and appeal to Supreme Court, and assign error.

*B. B. Hollowell and R. E. Whitehurst for Plaintiff, Appellee.*

*Henry A. Grady, Jr., and Raymond E. Dunn for Defendants, Appellants.*

WINBORNE, C. J. See former appeal, 242 N.C. 605, 89 S.E. 2d 462.

Appellants now present, among others, as involved on this appeal, these questions: Where defendants in their answer allege that certain property designated in the deed of trust as "machinery and equipment and other personal property" was actually affixed to and a part of the real property described therein, (1) was an issue of fact raised, and (2) did the court err in refusing to admit oral evidence as to the nature and kind of the property, so as to determine whether it was real or personal property? These questions are predicated upon assignments of error two and three on exceptions duly taken in the course of the trial.

Manifestly, the trial court considered that an issue was raised, as indicated by the first issue submitted to the jury. Indeed, upon the former appeal this Court stated that "the determination of the issue as to whether the enumerated structures were real property or personal property and the value of the land at present must await the sale . . . The court may then determine the amount of the deficiency judgment, if any, to which plaintiff is entitled and the other questions and issues raised by the pleadings." A sale seems to have been had, and the parties agreed as to the value of the naked land. But the court excluded all the evidence sought to be elicited by defendants upon cross-examination of plaintiff, and to be produced on direct examination of witnesses for defendants, bearing upon the question as to whether the enumerated structures, or any of them, were actually affixed to, and a part of the freehold,—and the value thereof.

In so doing, this Court holds there was error. Hence the second question above stated merits an affirmative answer. *Horne v. Smith,* 105 N.C. 322, 11 S.E. 373; *Moore v. Vallentine,* 77 N.C. 188; *Bryan v. Lawrence,* 50 N.C. (5 Jones) 337. Compare *Springs v. Refining Co.,* 205 N.C. 444, 171 S.E. 635, where the Court treats of cases between landlord and tenant not involved here.

In *Horne v. Smith, supra,* quoting from *Elwes v. Mawes,* 2 Smith Leading Cases, note p. 267, this Court said: "It is a well settled principle of common law that everything which is annexed to the freehold becomes part of the realty. Although ownership of the land and of the chattel is vested in the same person, or when the owners of both concur in a common purpose, the presumption that a chattel is made a part of the land by being affixed to it may be rebutted, yet the evidence must, as it would seem, be in writing, under the statute of frauds, or else consist of facts and circumstances of a nature to render writing unnecessary, by giving birth to an equity or an equitable estoppel."

Thus defendants contend, and we hold rightly so, that they are entitled to present to the jury, and have the jury decide the question of what proportion of the value of all the property was actually real estate, and that, then, as to such proportion, plaintiff may not secure a deficiency judgment under the provisions of G.S. 45-21.38.

While the rule may be different between a landlord and tenant, as recognized by this Court, it is declared in *Horne v. Smith, supra:* "But as between vendor and vendee, the common law that articles of personalty affixed to the freehold are a part of the realty, and pass by a conveyance of the latter, is enforced in full vigor."

Nevertheless, if at the time of the purchase and sale the parties agree that the property or parts thereof affixed to the soil should be considered personal property, then under such circumstance the intent of the parties would prevail. However this intent could only be shown by writing.

For error pointed out, let there be a
New trial.

JOHNSON, J., not sitting.