ORIENT POINT ASSOCIATES v. DEAN COY PLEMMONS, DEAN CAROL
PLEMMONS, AND STEPHEN H. CORWIN

No. 833DC740

(Filed 15 May 1984)

**Boundaries § 15.1— boundary dispute—whether roadway had moved—summary judgment**

In an action to quiet title in which the disputed issue was whether a roadway which was a common boundary line between plaintiff's and defendants' lands had been moved to its present location since defendants' land was conveyed to defendants' predecessor in title in 1966, summary judgment was properly entered for plaintiff where plaintiff's evidence showed that no issue of fact existed as to the road's location, and where defendants failed to rebut plaintiff's evidence in that they failed to provide evidence which specified the location of the roadway in 1966.

APPEAL by defendants from *Ragan, Judge.* Judgment entered 1 April 1983 in Superior Court, PAMLICO County. Heard in the Court of Appeals 30 April 1984.

*Hollowell & Hollowell by Richard Greenwald for plaintiff appellee.*

*Stubbs & Chesnutt by Jerry F. Waddell for defendant appellants.*

BRASWELL, Judge.

This action to quiet title to land in Pamlico County arose through a dispute over the location of a common boundary line, a roadway, which separates the plaintiff's and the defendants' land. These parties do not dispute the other's chain of title or the fact that their properties abut one another with the roadway as the common boundary. Instead they have stipulated that the issue to be decided "is whether or not the roadway has been moved to its present location since the date [1966] upon which the Defendants' predecessor acquired title to their premises." Pursuant to its motion, the trial court granted summary judgment in favor of the plaintiff.

The contentions of the parties are as follows: Prior to 20 April 1966 James S. Ellis, and his wife, Lura, owned a ten-acre tract of land in the Town of Oriental. On this date, the Ellises con-

veyed to the defendants' predecessor in title approximately one acre lying between a creek or a gut to the south and the south side of a roadway to the north. These defendants now hold title to this acre. The balance of the Ellis Tract was later conveyed to the plaintiff's predecessor in title, and subsequently purchased by the plaintiff who now holds title to the tract. The defendants contend that this roadway, constituting a boundary between the defendants' and plaintiff's property, has moved southward from its original location "at some time during the past twenty-six years," encroaching upon the defendants' property. The plaintiff on the other hand insists that the twenty-five-foot roadway in question has remained unchanged in its present location since before 20 April 1966 and that the land lying within the road and the lands to the north of the roadway are a part of the plaintiff's tract of land.

The sole question presented for our review is whether the trial court erred in granting summary judgment for the plaintiff. Summary judgment is proper, according to G.S. 1A-1, Rule 56(c), where " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.' " *Lowe v. Bradford*, 305 N.C. 366, 368-69, 289 S.E. 2d 363, 365-66 (1982). Once the movant demonstrates that no material issues of fact exist, the burden shifts to the nonmovant to set forth specific facts showing that genuine issues of fact remain for trial. *Id.*

In support of its motion, the plaintiff introduced affidavits of seven people who stated that they have been familiar with the roadway and its location since before 20 April 1966. Each affiant stated that the roadway has remained in its present location from that time until the present, that it has not been moved during this period of time, and that this knowledge of the roadway's location is based upon their use and observation of the roadway during this time. The affidavits of Dr. James S. Ellis and his wife, Lura, the original grantors of this ten-acre tract, reveal that in the Spring of 1962 they planted maple seedling trees on both sides of the roadway, that these trees were still growing there when the tract was sold in 1966, and that when Dr. Ellis visited the property in 1981 these trees continued to grow at the places along the roadway where they were originally planted. The con-

tinued presence of these trees reinforced the other affiants' knowledge that the roadway has not changed locations since before 1966. The plaintiff also offered the affidavit of a registered surveyor, Hugh Harris, Jr., who has personally been familiar with the Ellis land for forty years and the roadside trees for twenty years, and who in 1982 surveyed the property for the plaintiff. The 1966 deed to the defendants' predecessor in title describes the one-acre property as follows:

> [O]n the south side of the road leading to the James S. Ellis cottage . . . ; BEGINNING in the southern edge of said road at an iron stake which marks the northwest corner of the property [adjacent, being the northeast corner of the property herein described] . . . and running thence South 33° West 120 feet to an iron stake near the head of a gut, known as Ellis' gut; thence down and with Ellis' gut 286 feet to a stake in the center of said gut; thence North 33° East 278 feet to an iron stake in the aforesaid road; thence South 55½° East with the road 250 feet to the beginning, containing one acre, more or less.

Mr. Harris' survey was in accord with the calls given in this 1966 deed with the exception of the distance between the southwest corner of the property located at the gut and the northwest corner of the property on the southern side of the road. Mr. Harris measured this boundary from the edge of the gut to the road, not from the center of the gut as the deed indicated. In the survey, this call was determined to be North 33° 07' East 245± feet to the road. This same boundary in the deed was recorded as North 33° East 278 feet to the road. Yet, if the distance from the center of the gut to the edge of the gut is added, even using the measurement given in the defendants' 1982 survey of 29.5 feet, the distance of this boundary is 274.5± feet, thus making all the calls and distances of the survey and the deed substantially the same. Mr. Harris' survey shows geographically that the road has not moved from its original 1966 location. From this evidence and the other affidavits offered, we hold that the plaintiff has demonstrated that no issue of fact exists with regard to the road's location and that the burden now shifts to the defendants to rebut this evidence and to show that a genuine issue of fact does in fact remain.

To meet their burden, the defendants offered an affidavit given by one of the defendants, Dean C. Plemmons, and an affidavit and a map made by their surveyor, Joseph R. Brochure. As the trial judge determined, we agree that the Brochure map and affidavit offered no evidence relevant to the question of whether or not the roadway has been moved since 20 April 1966. Mr. Brochure in his affidavit states that

> During my survey, I discovered two existing iron pipes which *apparently purported* to represent the northeast and northwest boundaries of the property. While the deed description calls for the property lines to extend to a 25-foot right of way, the existing iron pipes are not located either in or at the edge of the existing 25-foot roadway. Rather the iron pipes are located at the edge of a line of small maple trees running along with but neither in or with the edge of the existing 25-foot roadway. (Emphasis added.)

The discovery of these iron pipes is not evidence of where the 1966 road was located. Rather, it tends to show that the road today has not moved since 1962 when the trees were planted along its sides. Mr. Brochure's statement that in his lay opinion the trees are only ten to twelve years old is not sufficient to rebut the plaintiff's evidence that the trees were in fact planted twenty-two years ago. Similarly, the Brochure survey does not provide evidence as to where the road was originally located and to where it has presently moved. The survey only shows a "Proposed 25′ R/W southern line." It does not show where the defendants contend the 1966 road was located. To establish a genuine issue of fact, the survey at least must have shown from where the road has moved and to what extent the road now encroaches upon the defendants' property.

The affidavit of Dean C. Plemmons also is not evidence based on specific facts which show that the road has moved. In his affidavit, this defendant states that the road used to "veer" in a northwesterly direction toward the Ellis home at the northeast corner of the property when bought in 1966, and that "[t]he roadway as presently located has, in my opinion, been moved in a southerly direction from its location when I first became acquainted with it in 1966." Yet, he fails to support this conclusion that the road has moved with any specific facts showing where

the 1966 road was located and how that location differs from its present location.

In a nutshell, the defendants have failed to rebut the plaintiff's evidence because they have failed to provide evidence which specifies exactly where the 1966 road was located. For instance, to demonstrate a difference between Point A and Point B, there must be facts presented tending to show the location of each. Likewise, to show that the present road is located further south than the road in 1966, there must be some evidence as to where the 1966 road was located. The defendants in response to a motion for summary judgment can no longer rely only on their allegations that the present road somehow, at some time, moved some distance south onto their property. *See* G.S. 1A-1, Rule 56(e). Because the defendants have failed to offer evidence tending to establish the presence of a genuine issue of fact, we hold that the trial court properly allowed summary judgment for the plaintiff.

Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.