IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-489

Filed: 18 December 2018

Durham County, No. 16-CVD-5018

BANK OF AMERICA, N.A., Plaintiff,

v.

PHILLIP MCFARLAND, Defendant.

Appeal by Defendant from judgment entered 13 November 2017 by Judge James T. Hill in Durham County District Court. Heard in the Court of Appeals 1 November 2018.

*Sessoms & Rogers, P.A., by Andrew E. Hoke, for the plaintiff-appellee.*

*Coleman, Gledhill, Hargrave, Merritt & Rainsford, P.C., by Cyrus Griswold, for defendant-appellant.*

MURPHY, Judge.

Where, on a motion for summary judgment, the nonmovant fails to set forth specific facts rebutting the movant's showing that there is no genuine issue of material fact, a grant of summary judgment in favor of the movant is appropriate. Here, Plaintiff moved for summary judgment and proved there was no genuine dispute as to any material fact. Defendant failed to set forth any specific facts rebutting Plaintiff's showing and therefore failed to meet his burden of production under Rule 56(e) of the North Carolina Rules of Civil Procedure. Therefore, the trial court's grant of summary judgment in favor of Plaintiff is affirmed.

## **BACKGROUND**

On or about 10 July 1997, Defendant, Phillip McFarland, opened a credit card account with Plaintiff, Bank of America, N.A. Defendant agreed to repay the debt he incurred on his credit card account and did so until 2015, when he disputed three charges on his account totaling $23,700.00. All three disputed charges arose out of access checks drafted from Defendant's credit card account with Plaintiff: the first was for $1,900.00; the second was for $18,400.00; and the third was for $3,400.00. Defendant alleged the three access checks were the result of fraudulent activity and disputed the charges. Plaintiff investigated the charges and determined they were not the result of fraud—evinced by the $3,400.00 credit to Defendant's account on 20 November 2015 for "Fraud Dispute" which was subsequently offset by a $3,400.00 debit drafted against his account on 11 December 2015.

As of the commencement of this action on 17 November 2016, Defendant's account had an unpaid balance of $22,756.91, and Defendant had not made any payment since 15 December 2015. Plaintiff sued for breach of contract in Durham County District Court and sought to recover the outstanding balance of the account. Defendant was served with the Complaint on 3 May 2017 and filed an unverified Answer on 16 May 2017.

On 31 October 2017, Plaintiff filed a Motion for Summary Judgment with a number of exhibits, including discovery requests and responses, account statements

from Defendant's credit card, and copies of the access checks Defendant claimed were fraudulent. Defendant did not serve a response to Plaintiff's Motion for Summary Judgment and chose not to testify or proffer any documents during the 13 November 2017 summary judgment hearing in the Durham County District Court. After hearing the parties' arguments, the trial court granted summary judgment for the Plaintiff, and Defendant filed timely notice of appeal.

## ANALYSIS

We review decisions to grant or deny summary judgment de novo, considering "the matter anew and freely substitut[ing our] own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008). Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Orient Point Assocs. v. Plemmons,* 68 N.C. App. 472, 473, 315 S.E.2d 366, 367 (1984). "Once the movant demonstrates that no material issues of fact exist, the burden shifts to the nonmovant to set forth specific facts showing that genuine issues of fact remain for trial." *Id.* Here, the trial court did not err in granting summary judgment for Plaintiff, as Defendant failed to set forth specific facts showing a genuine issue of fact remained for trial.

### A. Plaintiff met its initial burden of production under Rule 56(c)

Plaintiff, as the party moving for summary judgment, bore the initial burden of showing there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (2017). Plaintiff's Complaint set out a breach of contract claim against Defendant stemming from his failure to "make periodic payments" as required by the parties' credit agreement. To prove a prima facie breach of contract claim, a plaintiff must show the "(1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Plaintiff satisfied its initial burden of proving there was no genuine issue of material fact by showing the parties had a valid contract and Defendant was in breach.

A party moving for summary judgment has met its burden under Rule 56(c) where that party has "submitted its verified complaint including an itemized statement of the account, defendant's answers to interrogatories," and the affidavit of an employee with knowledge of the underlying debt. *U.S. Steel Corp. v. Lassiter*, 28 N.C. App. 406, 408, 221 S.E.2d 92, 94 (1976). Along with its verified Complaint and Motion for Summary Judgment, Plaintiff submitted an affidavit from a corporate officer with personal knowledge of the status of Defendant's account and records showing that: (1) the parties had a valid contract; (2) Defendant breached that contract by ceasing payments after 15 December 2015; and (3) Defendant owed an outstanding balance of $22,756.91 on his credit account with Plaintiff at the time this

action was commenced.[1]  Therefore, the trial court correctly determined Plaintiff met its initial burden of proof as a movant under Rule 56(c).

Defendant argues Plaintiff's "moving papers affirmatively disclose an actual dispute" because the amount of damages is uncertain and that he was not in breach at all because the balance due is entirely attributable to fraudulent access checks drafted from his credit account.  Defendant further argues the account statements included in Plaintiff's Motion for Summary Judgment allow a reasonable mind to infer that Defendant does not owe the full $22,756.91 Plaintiff seeks in this action. To this end, Defendant argues three access checks drafted from his account may have been fraudulently signed, and this specter of fraud should foreclose the possibility of summary judgment.  However, this argument was not presented below, and is therefore not preserved for our review.  *Piraino Bros., LLC v. Atl. Fin. Grp., Inc.*, 211 N.C. App. 343, 348, 712 S.E.2d 328, 332, *disc. review denied*, 365 N.C. 357, 718 S.E.2d 391 (2011) ("Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts.").

---

[1] Plaintiff also attached Defendant's discovery responses to its summary judgment motion. However, those responses are unverified in violation of the North Carolina Rules of Civil Procedure. N.C.G.S. §1A-1, Rule 33(a) (2017) ("[e]ach interrogatory shall be answered . . . under oath, unless it is objected to[.]").  As such, we do not consider them.

Plaintiff met its initial burden under Rule 56(c) by presenting evidence that the parties had a contract and Defendant was in breach. Consequently, the burden shifted to Defendant to demonstrate a genuine issue of fact remained for trial.

**B. Defendant failed to meet his burden of production under Rule 56(e)**

Defendant failed to meet his burden of production under Rule 56(e) because he failed to respond to Plaintiff's filings, instead resting on the allegations and denials included in his unverified answer. A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading[,]" but "must set forth specific facts showing that there is a genuine issue for trial," either by affidavit, sworn or certified documents, or verified answers to interrogatories. N.C.G.S. § 1A-1, Rule 56(e) (2017). The record does not indicate that Defendant filed any affidavits, verified pleadings, or verified answers to interrogatories opposing Plaintiff's Motion for Summary Judgment, and Defendant does not present an argument to the contrary in his brief.

Defendant cites a single case where a party survived summary judgment without submitting a verified complaint or affidavit opposing summary judgment. *See Page v. Sloan*, 281 N.C. 697, 190 S.E.2d 189 (1972). However, that decision was predicated on the Supreme Court's finding that the movant had not met its initial burden of production under Rule 56(c). *Id.* at 706, 190 S.E.2d at 194. Here, Plaintiff met its initial burden of production, as is discussed above; thus, the holding and

reasoning from *Page* is inapposite to this case and has no bearing on our decision. Defendant failed to meet his burden of production under Rule 56(e).

## **CONCLUSION**

Where, on a motion for summary judgment, the nonmovant fails to set forth specific facts rebutting the movant's showing that there was no genuine issue of material fact, a grant of summary judgment in favor of the movant is appropriate. Here, Defendant failed to meet his burden of production under Rule 56(e).

AFFIRMED.

Judges HUNTER, JR. and DAVIS concur.